United States Express Co. *v.* Bachman.

---

[*General Term, April,* 1872.]

THE UNITED STATES EXPRESS CO. *v.* CHARLES BACHMAN.

When a clause in a bill of lading exempts a common carrier of goods from liability for their loss beyond a certain fixed amount, such clause does not protect the carrier against paying full value if the goods are lost by his neglect or breach of duty. The contract is one, at most, against liability, as an insurer, for such losses as may happen from mistake or accident; and the fact that less is charged and paid for carriage, by reason of the insertion of such clause, will not change the rule.

Express companies using, for conducting their business, the cars of a railroad company, are common carriers.

Where a bill of exceptions merely states that there was evidence "tending to prove certain facts," the court can not infer that the evidence tended to prove any other fact.

Proof of non-delivery or loss is *prima facie* evidence of negligence on the part of the common carrier, and it devolves on him to prove that the loss occurred from some exception contained in the contract of carriage. *Childs* v. *Little Miami Railroad Co.*, 1 Superior Court Reporter, 480, explained and qualified.

United States Express Co. *v.* Bachman.

*E. A. Ferguson,* and *Matthews, Ramsey & Matthews,* for plaintiff in error.

*Von Seggern & Glidden,* and *Cox, Burnett & Follett,* for defendant in error.

YAPLE, J.    This is a petition in error prosecuted to reverse a judgment in favor of Bachman for $8,343.63, rendered in Special Term.    In determining it, we have not had the assistance of an argument from counsel who represent the plaintiff in error, the cause having been submitted by them, both parties desiring a decision of the Supreme Court upon the questions involved.    The plaintiff in error, a well-known express company, received, on June 8, 1869, from J. S. Clenneay & Co., consigned to the defendant in error in New York city, State of New York, one hundred and twenty-five barrels and thirty-five half barrels of whisky, and two empty barrels—the whisky being worth three dollars and a half per gallon—to be carried and delivered to Bachman, at New York.

The bill of lading, delivered to the consignor and agent of Bachman, was as follows:

"CINCINNATI, *June* 8, 1869.

" Received from J. S. Clenneay & Co., the following packages, contents unknown (in apparent good order), viz:

" Weight, subject to correction.

| | | |
|---|---|---|
| "116 brls. whisky, | . . . . . | 41,760 |
| 35 hlf. " | . . . . . | 7,000 |
| 9 brls. " | . . . . . | 3,060 |
| 2 empty brls. | | ———— |
| | | 51,820 |

" *Subject to $20 Clause.*    Pier 18.

" The said Great Western Dispatch . . . shall not be liable . . . for loss or damage by . . . *fire,* etc.

" FOURTH CLASS.    (Freight.)

" Alcohol, high-wines, domestic liquors, pure spirits, and whisky at owner's risk of leakage, or at an agreed valuation not exceeding $20 per barrel."

For the non-delivery of fifty barrels of this whisky, the full value of which was recovered for in the court below, Bachman brought suit against the United States Express Company, alleging that "the defendant so carelessly and negligently conducted itself in the premises, that, by its default and negligence," the same were wholly lost.

The pleadings admit, and the case shows, that this whisky was consumed by *fire*, on the cars of the Erie railroad, while in transit. So, by the very terms of the bill of lading, exempting it from loss occasioned by fire, the express company is not liable unless such loss occurred by reason of its neglect or breach of duty in the premises as a common carrier; and then the question would arise, what is the proper measure of damages, in view of the insertion of the twenty-dollar clause, supposing the plantiff to have had knowledge of that clause and to have assented to it?

The bill of exceptions does not set forth the evidence adduced on the trial. It merely shows that the plaintiff offered evidence "*tending*" to prove the loss by fire, and that the same occurred from neglect on the part of the defendant.

The defendant, after offering evidence tending to rebut the plaintiff's case, offered evidence tending, among other things, to prove that this whisky was shipped at a lower rate for carriage, by reason of being classed as fourth-class freight, subject to the twenty-dollar clause, than it would otherwise have been; that the custom, in this respect, was well known to this class of shippers, in Cincinnati and New York; and that the plaintiff's agent, who shipped the whisky, knew of said clause and its meaning when the whisky was shipped and when the bill of lading was given and received. But the bill of exceptions does not state that there was evidence *tending to prove* that such agent *assented* to such clause; and if there was any such *assent*, then it is found in that part of the bill of lading describing the goods "subject to the $20 clause," and which, if part of the

very contract of shipment, would be conclusive of such assent.

At the trial the court, among other things, charged the jury as follows:

"Gentlemen: *It has already been stated to you*, that the alleged restriction of liability of the defendant, in case of a loss of the property shipped, contained in the bill of lading, by the insertion of the words, 'Subject to the $20 clause,' is void. Without stating all the arguments for this conclusion, I may say that this company can not stipulate against its own negligence. Such a stipulation would be contrary to public policy; but, *in all other respects, a common carrier may limit his liability, in case of loss, by special contract.*

"If the defendant lost this whisky by its own negligence, it can not restrict its liability to $20 per barrel, if, as may be admitted, it was advised of the nature and value of the article to be transported, and if this whisky was, in fact, worth more than $20 per barrel at the time.

"On the other hand, it follows, 'that if the whisky was destroyed' [by fire], 'without any fault of the defendant,' then it is not liable at all, and your verdict must be for the defendant. So, in fact the principal question for your consideration is: Was this whisky lost by the negligence or omission of duty of the defendant? If it was, they are liable for the whole value of the shipment lost. If it was not, your verdict must be for the defendant.

"The burden of proof, to establish the fact of the exercise of due care, is upon the defendant. The mere non-delivery of the whisky to the consignee is presumptive evidence of loss by negligence. The law exacts of the carrier a high degree of care; yet, if you shall be satisfied, from the preponderance of the evidence, that the defendant exercised all reasonable care, and that the loss was occasioned by causes over which it had no control, and not from its own neglect or omission of duty, your verdict must be for the defendant.

"It needs merely that I should call your careful attention

to the evidence itself, and the fact that you are to be governed by the preponderance of the evidence in this issue. Under this bill of lading the defendant is not an insurer against fire, only in case the property was burned in consequence of the defendant's negligence. The restriction in the bill of lading, as to loss by fire, is merely a means of protection to the defendant against mere accidents, for which he would be liable at common law," etc.

To all and every part of this charge the defendant excepted.

Before specifically considering the charge, it may be well to state a few general rules of law, which we take to be well settled, and which we think have a direct bearing on the case.

Express companies, engaged in such a business as this one was at the time the loss occurred, are common carriers. 1 Red. Car., sec. 47, and cases there cited.

Common carriers can not, by express notices brought home to shippers, or even by express contract, exonerate themselves from liability for negligence or omission of duty. *Jones* v. *Voorhees*, 10 Ohio, 145; *Graham & Co.* v. *Davis & Co.*, 4 Ohio St. 362; *Welsh* v. *Pittsburg, etc., Railroad Co.*, 10 Ohio St. 65.

A common carrier may also, by special contract, or by notice brought home to the shipper or his agent, and *assented to* by the latter, which makes a contract, restrict his liability so far as he is an *insurer* against losses by *mistake* or *accident*. *Davidson* v. *Graham*, 2 Ohio St. 131.

But this restriction is limited solely to such losses as may occur by accident or mistake. If a loss occurs from the carelessness, neglect, or omission of duty on the part of the carrier, the case is not within the purview of the restriction, and a recovery can be had on account of such negligence, the same as if no such term were contained in the bill of lading. *Cincinnati, Hamilton and Dayton Railroad Co.* v. *Pontius*, 19 Ohio St. 235. And mere notices of restrictions upon the common carrier's liability have not only

to be brought home to shippers' knowledge, but must, in addition, be assented to by them.

The notice is a restriction upon a legal liability, and if merely known to both shipper and carrier, and not expressly made a part of their contract, by the assent of the former, it is to be presumed that the carrier waives the illegal pretension. Red. Car., secs. 140, 141; *Davidson* v. *Graham*, 2 Ohio St. 131.

The bill of exceptions does not show that any evidence was offered tending to prove that the plaintiff's agent assented to the $20 clause, and we can not *infer* that there was such evidence. We can, in such cases, infer nothing beyond what the bill of exceptions expressly states the evidence tended to prove. Here the rule is as strict as that laid down in *White* v. *Brough*, 1 Rolle, 286: "*Home dit*, Sir Th. Holt hath taken a cleaver and stricken his cook upon the head, so that the one side of the head fell upon one shoulder and the other upon the other shoulder, et ne averr que le cook fuit mort, et pour ceo fuit adjudge nemy bon." It did not aver that the cook was dead, and for that reason held bad. The death was left to inference, from the character of the injury inflicted, and such inference the law would not draw. It was necessary to state the fact. *Leach* v. *Church*, 10 Ohio St. 148.

Now, it was admitted that this loss occurred from fire, and, by the very terms of the contract, the defendant was not to be held liable for loss by fire. Why could it not be as well claimed that this exempts the defendant from liability at all, as that it is only liable for twenty dollars per barrel by reason of that clause? The answer to both is the same; if the loss occurred from neglect, carelessness, or violation of duty on the part of the defendant, neither term applies. There is or could be no valid term of the contract, limiting defendant's liability as a mere insurer against accident or unavoidable loss, if the goods should be lost by carelessness. The effect of the charge, then, was merely this: "In view of the loss of the whisky by fire,

the $20 clause is wholly immaterial." If the loss by fire was occasioned by the defendant's negligence, or violation of duty, the plaintiff was entitled to recover the full value of the property lost, but if the fire was merely accidental, or the loss thereby unavoidable, the plaintiff could not recover at all. Whether by inserting, in writing, in the part of the bill of lading, " subject to the $20 clause," made that clause part of the very contract of shipment, or left it a mere notice to the shipper's agent, brought to his knowledge, but not assented to by him, was, owing to the fact that the loss occurred by fire, entirely immaterial; and for a court to charge broadly, that it was either void or valid, would be to charge on a mere abstract proposition of law, which, if erroneous, affords no good ground to reverse a judgment. *Reed* v. *McGrew*, 5 Ohio, 375–385; *Creed* v. *Commercial Bank, etc.*, 11 Ohio, 489 ; *Hannan* v. *Kelly*, 14 Ohio, 502–507; *Loudenback* v. *Collins*, 4 Ohio St. 251 ; *Satchell* v. *Doram*, 4 Ohio St. 542, and numerous other cases in Ohio.

Taking the charge as a whole, in view of the nature of the facts in dispute, we think it was substantially correct, and could not mislead the jury as to any issue it had to pass upon. The charge of the court, that upon proving the non-delivery and loss of the goods, by the plaintiff, the burden of proof was cast upon the defendant to show that the loss did not happen by means of any negligence on its part, we deem correct. *Graham & Co.* v. *Davis & Co.*, 4 Ohio St. 374.

The case of *Childs* v. *Little Miami Railroad Co.*, decided by this court, and reported in 1 Superior Court Reporter, 480, is, we learn, so far as it fails to conform to the decision in 4 Ohio St. 374, imperfectly reported. The case turned upon what evidence was sufficient to rebut such *prima facie* proof of negligence on the part of the carrier, and bring the loss within the exception.

The fact that less was charged and paid for the transportation of the whisky, by reason of the insertion of the $20 clause, is not, in our judgment, material. As a limit

to the carrier's responsibility; because merely insuring the property against accident or unavoidable loss, less might be charged for the responsibility of the carriage. If it were intended as a protection to the defendant for any want of due care on its part, the entire stipulation would be void as against public policy.

The judgment will be affirmed.